## SLOAT v. MID-WEST FINANCE CORPORATION.

1. LIENS—GARAGE KEEPER'S LIEN—LIENS HAVE PRECEDENCE ACCORDING TO TIME OF CREATION.

A garage keeper's lien under 1 Comp. Laws 1915, § 4833, does not take precedence over all other liens but the general rule still prevails, viz., that different liens upon the same property have priority according to the time of their creation.

2. SAME—PARTY HAVING FIRST LIEN MAY WAIVE PRIORITY EXPRESSLY OR BY IMPLICATION.

Although a party who has a first lien has a right to prior satisfaction out of the property which it covers, he may waive this right by conduct inconsistent therewith, or he may expressly consent to postpone it, or he may allow the owner to retain possession of the property on such conditions and under such circumstances as would imply a consent to subordinate his lien to that of a repair man.

Error to Wayne; Marschner (Adolph F.), J. Submitted June 13, 1922. (Docket No. 106.) Decided July 20, 1922.

Case in justice's court by Edward R. Sloat against the Mid-West Finance Corporation for the wrongful conversion of an automobile. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*Kenneth M. Stevens*, for appellant.

*Henry W. Glicman*, for appellee.

McDONALD, J. The plaintiff claims the right to
219—Mich.—37.

the possession of a certain automobile by virtue of a garage keeper's lien for repairs. The defendant claims it by reason of a chattel mortgage given and filed previous to the time that plaintiff's lien attached. The question involved is which of these liens shall take precedence. The case was tried upon a stipulation of facts by the circuit judge without a jury.

The so-called garage keeper's lien law was enacted in 1915, and reads as follows:

"That every garage keeper who shall, in pursuance of any contract, expressed or implied, written or unwritten, furnish any labor, material or supplies, shall have a lien upon any automobile or other motor propelled vehicles stored, maintained, supplied or repaired by him for the proper charges due for the storage, maintenance, keeping and repair thereof and for gasoline, electric current or other accessories and supplies furnished or expenses bestowed or labor performed thereon at the request or with the consent of the registered owner of the license plates of said motor vehicle and such garage keeper may detain such automobile or other motor propelled vehicle at any time it may be in his possession within ninety days after performing the last labor or furnishing the last supplies for which such lien is claimed." Act No. 312, Pub. Acts, 1915, § 1 (1 Comp. Laws 1915, § 4833).

Counsel for the plaintiff contends that it was the purpose of the legislature in passing this act to give garage keepers a lien superior to all others. It would seem that if the legislature had any such purpose it would have so expressed it in the act. We find nothing in the language employed that would indicate an intention to disturb the generally accepted rule as stated long ago by Chief Justice Marshall:

"That a prior lien gives a prior claim which is entitled to prior satisfaction out of the subject it binds." *Rankin* v. *Scott*, 12 Wheat. (U. S.) 177, 179.

In the absence of any language indicating a contrary intention, we assume that the legislature in

enacting this law did not intend to change the rule for the benefit of garage keepers.

Counsel for the plaintiff, with a great deal of care and much ability, has written an exhaustive brief in which he has collated numerous authorities from other jurisdictions in support of his contention that a lien attaching under this statute takes precedence of a prior lien created by chattel mortgage duly recorded. An examination of these cases will reveal the fact that in most instances the holding is predicated upon an implied authority from the mortgagee, gathered from the conditions under which the property is held by the mortgagor, or from some language of the instrument creating the prior lien.  We find nothing in the stipulated facts in the instant case from which there could be reasonably implied any authority from the mortgagee that the repairs should be made or that its lien should be postponed until that of the repair man was satisfied.  Unless something of that nature can be found in the case, we must follow the general rule laid down by all courts, that different liens upon the same property have priority according to the time of their creation.

We think the Michigan authorities are decisive of this question.  In *Denison* v. *Shuler*, 47 Mich. 598 (41 Am. Rep. 734), it was held that a lien created by a duly recorded chattel mortgage on a steam engine took priority of a subsequent mechanic's lien for repairs.  It is true that this case was decided before the garage keeper's lien act was passed, and is based upon a construction of the old mechanic's lien law. We have examined and compared both of the acts and can see no reason why the reasoning and conclusions in *Denison* v. *Shuler* do not apply to the facts presented by the record in the instant case.  In that case the court said:

"Had it been intended that the kind of lien in ques-

tion should operate retrospectively and override prior securities executed to secure purchase money it is not to be supposed that the legislature would have left the purpose in any doubt.

"The view to which these observations lead is that the effect of the transaction between the mortgagors and the defendants respecting the repairs in question was to give a lien to the defendants on the equity or right of redemption and subject of course to the plaintiff's mortgage. The lien did not apply to the plaintiff's interest, but was confined to that of the mortgagors. The plaintiff was entitled to have possession under his mortgage without paying defendants, and the latter were entitled, if they desired, to redeem against the mortgage."

A party who has a first lien has a right to prior satisfaction out of the property which it covers. He may waive this right by conduct inconsistent therewith; he may expressly consent to postpone it or he may allow the owner to retain possession of the property on such conditions and under such circumstances as would imply a consent to subordinate his lien to that of a repair man. Such cases may arise, but this is not one of them.

The judgment of the circuit court is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.