S. H. GOLDENBERG *v.* FEDERAL FINANCE AND
CREDIT COMPANY.

*Automobile—Lien for Repairs—Conditional Sale.*

Since Acts 1924, ch. 417, giving a lien for rebuilding or repairing an automobile, expressly subordinates such lien to the rights of the holder of a conditional sale contract, no act of the vendee can confer any lien for repairs unless the contract of conditional sale itself confers upon the vendee the right to subject the chattel to a lien for repairs.                    p. 302

A conditional sale contract as to an automobile, that the car should not be "encumbered," that it should be kept in good condition, that any repairs should be at the vendee's expense, and that all charges against the car should be paid by the buyer, did not authorize the vendee to encumber it by having repairs made thereon.                    pp. 302, 303

The common law rule, by which there was a lien for repairs on an automobile, superior to the rights of the vendor under a conditional sales contract, was repealed by Acts 1924, ch. 417, giving a lien for that purpose, but which subordinates it to the claim of such a vendor.                    p. 303

*Decided April 7th, 1926.*

Appeal from the Baltimore City Court (ULMAN, J.).

Action of replevin by the Federal Finance and Credit Company against S. H. Goldenberg, trading as the Motor Sales and Service Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Abram C. Joseph,* with whom was *Daniel C. Joseph* on the brief, for the appellant.

*Theodore C. Waters,* with whom were *Mullikin & Porter* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This appeal presents a single question, which is whether the claim of the holder of a conditional contract of sale, which is in default, to the possession of property covered thereby, is superior to the lien of a mechanic for charges for repairs thereto, and that question arises from the following facts, which have been agreed upon by the parties.

On August 26th, 1924, the Stallings Ripple Chevrolet Company, Inc., sold an automobile to Leo Rossiter, under a conditional sales contract for $784.87, of which $261.67 was paid in cash, and the balance was to be paid in twelve monthly instalments of $43.60 each, the title to remain in the vendor or its assigns until the purchase price had been paid in full, and on the same day the vendor assigned that contract to the Federal Finance and Credit Company. That contract in part provides:

"Title to the car and equipment thereon shall not pass by delivery to the buyer, but shall remain in the seller or his assigns unless the following conditions are performed by the buyer: That the said note be paid in installments as it falls due; that the car be not removed from the state in which the buyer now resides, or be sold or encumbered or otherwise disposed of, or be used for carrying passengers for hire without the written

consent of the holder, or be used for carrying intoxicating liquor; that the car be kept insured against loss by fire and theft with insurance companies acceptable to the seller, for not less than the amount owing and until fully paid, payable to and to protect the interest of the seller; that the car be operated and used in conformity with all laws and ordinances applicable thereto and to indemnify and save harmless the seller from any and all loss, or damage to persons or property caused by said car or by the use and operation thereof to which the seller might possibly be subjected; that the car be kept in good condition and that any equipment, repairs or accessories placed upon the said car shall be at the buyer's expense and become a component part thereof and included in the terms of this agreement; and that all charges, taxes and license fees against the said car be paid by the buyer. * * * It is agreed and acknowledged that the within contract covers all conditions and agreements between the parties, either oral or written with reference to the property sold."

After its execution the contract was duly recorded on August 29th, 1924, in the Superior Court of Baltimore City, and thereafter two instalments were paid on account of the balance due under it, but after those payments the vendee defaulted, and the Federal Finance and Credit Company sought to recover possession of the automobile under the power conferred by the contract. But it found that it was in the possession of S. H. Goldenberg, trading as the Motor Sales and Service Company, who held it as security for storage and repair charges amounting to $120, and he refused to surrender it before those charges had been paid. These charges were incurred upon the order of the vendee, who directed Goldenberg to take the machine, which was broken down on one of the streets of Baltimore City, to his garage and repair it, and the repairs which he made, and for which he charged $113.95, were "absolutely necessary" to put it in running condition. And when he made them he had no actual knowledge of any claim or lien against it.

Upon the refusal of the appellant to deliver the automobile to it, the appellee brought an action in replevin against him for the recovery thereof, in the Baltimore City Court, where, as a result of subsequent proceedings, a judgment for the plaintiff for the property replevined or for $480.85 damages was entered, and from that judgment the defendant appealed.

The plaintiff offered one prayer which was granted, and the defendant two, which were refused, and those rulings are the subject of the first and only exception found in the record. The plaintiff's prayer submitted the proposition that if the jury found that it had purchased for value the conditional sales contract covering the automobile sold by the Stallings Ripple Chevrolet Company to Rossiter, and that he had defaulted in his payments thereunder, that it was entitled to the possession of the automobile, and that its claim thereto was superior to the lien of the appellant for charges for storage and repairs to it. The defendant's first prayer was a demurrer to the evidence, while its second prayer was in substance the converse of the plaintiff's prayer, and it, as well as its first prayer, was based upon the theory that since under the contract the vendee was bound to keep the machine in good repair, that the vendor waived its claim in favor of such persons as, at the request of the vendor, made such repairs to it as were necessary to keep it in "good condition."

In dealing with those conflicting propositions, it becomes necessary to construe both the contract and the statute, defining the relative rights of vendors under conditional sales contracts and the holders of liens for repairs on the property covered by the conditional sales contracts, because in particular cases those rights must depend upon the terms of the contract as well as upon the statute. When the case of *Meyers v. Auto Co.*, 143 Md. 107, was decided, there was no statute in force in this state which gave to the person repairing an automobile a lien for his charges, since the Act of 1918, ch. 403, then in force, only allowed liens for storage charges

and for furnishing tires and accessories, and the lien of the repairman for charges for repairs rested upon the common law. The Court in that case therefore was dealing with the priorities between common law and statutory liens. But after that case was decided the Act of 1918 was amended by chapter 417 of the Acts of 1924, by giving to persons rebuilding or repairing automobiles a lien on the same for their charges for such rebuilding or repair. By section 55 of article 21, Bagby's Code, the appellant was at the time he rendered the service upon which his lien claim is based charged with notice of the appellee's rights under the conditional contract of sale. So that the rights of both parties rest wholly upon the contract and the statute, and must be measured by the terms thereof. By the words of the statute the repairman's lien which it allows is expressly subordinated to the rights of the holder of a conditional sales contract on the property repaired. That is to say, the same statute which gives the lien subordinates it to the rights of persons holding the title to it under a conditional sales contract, so that, unless there is found in the terms of the contract itself some provision which would estop the vendor or his assignees from asserting their claim against a garageman who claimed a lien for necessary repairs to the automobile, and we have found none in this case, by the express terms of the statute the lien of the garageman for storage and repair charges is subordinate to the rights of the holder of the conditional sales contract covering the property stored or repaired. And unless the contract itself conferred upon the vendee the right to subject the chattel to a lien for repairs, no act of his could confer upon the garageman any lien on or claim against the property stored or repaired superior to that of the vendor.

The contract in this case contains these provisions, which in some measure reflect upon the authority of the vendee to have repairs made to the car which could give the repairman a lien thereon. That is, it provides (1) that the car shall not be "encumbered"; (2) that it shall be kept in

"good condition"; (3) that any repairs to it shall be at the vendee's expense, and (4) that all charges against the car be paid by the buyer. In *Meyers v. Auto Co., supra,* the Court held that by implication the terms of the contract authorized the vendee to have the chattels under consideration repaired, but the expressions in this contract to which we have referred go much farther than that, and they impose upon the vendee the duty of having it repaired, but at the same time they provide that such repairs shall be at the expense of the vendee, and that he shall not "encumber" the car. So that, while under the case of *Meyers v. Auto Co., supra,* as well as under the express terms of the contract itself, there is no doubt that the vendee had the right to repair the car and indeed was bound to keep it in good condition, it is equally clear that in exercising that right he had no authority to encumber it so as to affect the title of the vendor or his assignees. For since the Act of 1924 the right of the repairman to a lien no longer rests upon common law, but upon a statute, which in express terms subordinates that lien to the rights of persons holding title to the property under conditional sales contracts. The appellant contends that his common law lien for repairs survives notwithstanding the statute, but he cites no authority for that contention, and we do not think it can be maintained. It is true that a statute which is consistent with the common law does not repeal it, but it is also true that to the extent of any inconsistency it does repeal it. 12 *C. J.* 186. And the statute in this case is inconsistent with the common law relating to the relative priorities between the rights of a bailee to a lien for repairs, and those of the holder of the title under a conditional sales contract to the chattels repaired, since, at common law, the lien of the bailee was superior to that of the vendor under the conditional sales contract (*Meyers v. Auto Co., supra*), while under the statute it is subordinate thereto. The statute, therefore, repealed the common law rule which conferred upon an auto-

mobile repairman a lien for repairs on automobiles, and stands in the place thereof.

The case of *Meyers v. Auto Company, supra,* in which Judge Urner wrote the opinion upon which the appellant relied to some extent, is not in point, because, in that case, the Court was dealing with the common law rule, which gave to a bailee repairing an automobile a lien for his charges, while here we are dealing with a statute which repeals that rule.

It follows that there was no error in the rulings of the lower court, which are the subject of the only exception found in the record, and the judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*