WILLIAM B. GOLDSTEIN *vs.* THE MACK MOTOR TRUCK CO.

FEBRUARY 12, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, and Baker, JJ.

BAKER, J. By the writ issued in this case the plaintiff replevied from the defendant on May 24, 1934, the second-hand truck, the right to the possession of which is involved herein. Thereafter this matter was heard in the superior court by a justice thereof, who gave a decision for the plaintiff for possession of the truck and nominal damages. From this decision the defendant duly prosecuted its bill of exceptions to this court, and the only exception now urged before us is to the finding of the trial justice in the plaintiff's favor.

The evidence shows that the plaintiff, about February 20, 1934, sold the truck, which he had just purchased a short time before, to one Scudder. The sale price was $300, of which $85 was an allowance on Scudder's old truck, and the balance was to be paid by him in monthly installments. None of these installments were ever paid. The plaintiff's place of business was in Quincy, Massachusetts, Scudder was located in Brockton, in that state, and the defendant company, a Rhode Island corporation, operated a service station in Providence in this state. When the plaintiff sold the truck to Scudder, the latter was given a conditional sale agreement or lease which provided, among other things, that the truck should not be removed from Massachusetts without the written consent of the plaintiff; that if Scudder defaulted in any payment, then all the payments remaining should at once become due; and if these contingencies or either of them occurred, then the plaintiff would be entitled to repossess himself of the truck, having under the terms of the instrument retained title until all the conditions provided for therein were carried out by the conditional vendee, at which time a bill of sale would be given him. There was also a provision in this instrument that Scudder should keep the truck in repair at his own expense.

From the testimony it appears that on March 12, 1934, the defendant, at Scudder's request, made certain repairs to the truck. To pay for these Scudder gave his check for $63.72, dated March 14, 1934. This check was not honored

when presented, the protest being dated April 3, 1934, and notice thereof being sent to the defendant from its main office, April 9, 1934. In the meantime, on March 19, 1934, Scudder again took the truck to the defendant's service station and ordered extensive work to be done upon it, these repairs being completed March 31, 1934. On that date, to cover this second repair order, he offered the defendant his check for $468.99, but the latter refused to accept it and asked for cash before delivering the truck. Scudder thereupon left defendant's place of business and did not return.

The plaintiff made several demands on Scudder during March and April, 1934, for payments then due, or in default thereof for the truck itself, but without success. About the middle of May of that year the plaintiff learned that the truck was in the defendant's service station, and made a demand upon the latter for its delivery. The defendant, however, refused to surrender possession of the truck until the two repair bills were paid, claiming a lien on it for those amounts. The present proceedings were then instituted. At the trial Scudder did not testify. The defendant admits that the plaintiff did not expressly authorize the doing of any repair work upon the truck. It also appears from the testimony that the defendant did not know at the time the repairs were made who actually owned the truck, and made no inquiries at any time from Scudder regarding that matter, or whether the truck was fully paid for or held on a lease or on a contract for a conditional sale.

The parties hereto are in agreement that the instrument under which possession of the truck was given by the plaintiff to Scudder constituted a conditional sale contract, although termed a lease. *Carpenter* v. *Scott*, 13 R. I. 477. The evidence shows beyond dispute that Scudder had breached the terms of this agreement in several ways and that, therefore, the plaintiff was entitled to retake possession of the truck. Under the law of this state, a conditional sale contract, not being considered a chattel mortgage, is not

required to be recorded in order to protect the rights of the conditional vendor.

The plaintiff contends that the instant case is governed by the decisions of this court in *Providence Buick Co.* v. *Pitts*, 45 R. I. 145, and in *Arnold* v. *Chandler Motors of R. I., Inc.*, 45 R. I. 469.

In the former of these cases, a petition to enforce a common-law lien for repairs to an automobile was brought against the mortgagor and the mortgagee of the same, and it was held that the petitioner's lien for repairs was subordinate to the first mortgage and that the chattel mortgagee, who did not know about the repairs till after they were made, was entitled to possession of the automobile, as against the petitioner, so that it could foreclose its mortgage, which was in default and which had been recorded prior to the making of the repairs. It was also held that, as the mortgage secured a demand note, as the mortgagor himself operated a garage and service station, and as it did not appear that the parties contemplated that the automobile would be used in the business of the mortgagor, who was a distributor of trucks, there was no reason for assuming that the mortgagor had implied authority from the mortgagee to subject the automobile to a lien having priority over the mortgage, merely because the mortgagee permitted the mortgagor to retain possession of the mortgaged chattel.

In *Arnold* v. *Chandler Motors of R. I., Inc.*, *supra*, the plaintiff, a conditional vendor of an automobile, brought replevin for it against the defendant, who was claiming a common-law lien thereon for certain unpaid, necessary repairs which it had made at the request of the conditional vendee. The court determined that, the conditional vendee having broken the terms of the conditional sale agreement, the plaintiff was entitled to the possession of the automobile as against the defendant, in the absence of consent, either express or reasonably to be implied, on the part of the conditional vendor that the conditional vendee be authorized to have necessary repairs made, and to subject

the automobile to a lien for such repairs, which should be superior to the property right of the conditional vendor therein. The court also held that such consent will not be implied solely from the fact that the conditional vendee is permitted to have possession of and make use of the chattel, which in the course of its use probably will need repairs. It further held that an implication, that the conditional vendee had been given authority to impose upon the chattel a lien which would affect the conditional vendor's property therein, was not warranted by the fact that, after the conditional vendee had placed the chattel in the hands of the repairman, the conditional vendor learned of such act but did nothing about it.

The defendant recognizes that the general principles set out in the two above cases would, if followed, necessitate a determination of the present case favorable to the plaintiff. However, it now urges strongly upon us that the doctrines enunciated in these cases are not sound; that many authorities hold contrary thereto; and that we should decline to follow these two prior decisions of this court.

In many states, statutes have been enacted defining with some particularity the rights of one making repairs upon a motor vehicle, and setting out the extent of his lien. Such statutory liens are sometimes held to supersede the ordinary common-law lien of the artisan, and sometimes to be merely declaratory of the common law and to provide additional remedies. Decisions from these states are not particularly helpful, as they frequently turn on the construction to be placed upon the language of the particular statutes. Cases apparently in conflict are often distinguishable or explainable for this reason. In Rhode Island we have no such statute.

In support of its position that its artisan's common-law lien should be entitled to priority, the defendant cites authorities of which the following are typical: *Myers* v. *The Neely and Ensor Auto Co.*, 143 Md. 107; *New Britain Real Estate & Title Co.* v. *Collington*, 102 Conn. 652; *Grusin* v. *Stutz Motor Car Co. of America*, 206 Ind. 296; *Drummond*

*Carriage Co.* v. *Mills,* 54 Neb. 417; *Ruppert* v. *Zang,* 73 N. J. L. 216.

An examination of the cases called to our attention by the defendant reveals that most of them give priority to such a lien over the claim of the mortgagee or conditional vendor, on the theory that the giving of possession of the chattel to the mortgagor or conditional vendee for use amounts to an implied authority from the mortgagee or conditional vendor that reasonable repairs to keep it in use may be made upon the chattel by the artisan at the request of the mortgagor or conditional vendee, and that it become subject to a lien therefor. In some of the cases the necessity of the repairs is the important issue.

The defendant contends that its common-law lien for repairs should be recognized as superior to other liens and property rights in the chattel because it is one created by operation of law, and not by agreement of the parties. But not all common-law liens created by operation of law are regarded as superior to other liens and property rights. A clear distinction is apparent between the common-law lien of the innkeeper or the common carrier, who are obliged to act when requested, and that of an artisan who is under no such compulsion. Admitting that the common-law lien of an artisan arises by operation of law, it is, however, limited by another recognized legal principle, namely: "So, if the party comes to the possession of goods without due authority, he cannot set up a lien against the true owner . . ." Kent's Commentaries, Vol. 2, (12th ed.) 639. The same thought is expressed in 1 Jones on Liens, (3d ed.) § 733, as follows: "To entitle one to a lien for work done upon a chattel the work must be done at the owner's request or with his consent. . . . The employment must be by the owner whose property is affected by the lien, or by his consent, express or implied." The person from whom and the manner in which the chattel to be worked upon comes into the hands of the artisan are of importance. Further, in the instant case, the plaintiff as

conditional vendor retained in himself legal title to the truck until all the provisions of the conditional sale contract should be carried out. The question, therefore, is not as to the priority between two liens, but is between the conflicting claims of the owner of a chattel and one who asserts a lien thereon. This distinction differentiates the case of *Arnold* v. *Chandler Motors of R. I., Inc.*, *supra*, from some of the cases relied on by the defendant.

The defendant also urges the analogy between repairs made upon a truck, as in the case at bar, and those made upon a vessel, for which repairs a lien is given having priority even over a recorded mortgage. *Hammond* v. *Danielson*, 126 Mass. 294. Undoubtedly such an analogy can be drawn, but most common-law courts have refused to accept this rule of the admiralty courts as decisive and to apply it without limitation to a situation involving an artisan's lien on a chattel. In *Providence Buick Co.* v. *Pitts*, *supra*, at page 147, this court said: "The rule in admiralty was that a ship master may, for the purpose of obtaining repairs to a ship in a foreign port, impose upon the ship a mechanic's lien to take precedence over a mortgage lien. This rule was so well established that it was said that a mortgagee of a vessel took the mortgage with a full understanding that his lien may become subordinate to a mechanic's lien for repairs on a vessel. Consequently certain common-law courts did not hesitate to adopt the admiralty rule when the question as to precedence between a mortgagee's lien and a mechanic's lien for repairs on a vessel arose." The court, in refusing to adopt the analogy, then continued as follows: "Without pausing to criticise this line of cases it is sufficient to say that the facts in the case before us are radically different."

In view of the general principles already discussed relating to the creation and limits of an artisan's common-law lien, we do not feel that the analogy derived from the admiralty rule is so compelling as to make its acceptance mandatory and its application determinative of the question before us.

The decision of this court in *Arnold* v. *Chandler Motors of R. I., Inc., supra*, recognizes the legality of a conditional sale of a chattel, and in discussing that subject uses the following language at page 474: "Upon this question the weight of authority is, that the common law doctrine prevails, *i. e.*, a contract for the sale of a chattel may be upon condition, and until the condition is fulfilled the chattel remains subject thereto in whosesoever hands it may come." That decision and the one in *Providence Buick Company* v. *Pitts, supra*, are in accord with the conclusions reached by many other courts on the issues now before us. Reference may be made to certain of these decisions as follows: *Bath Motor Mart* v. *Miller*, 122 Me. 29; *Ellis Motor Co.* v. *Hibbler*, 219 Ala. 53; *Ehrlich* v. *Chapple*, 311 Ill. 467; *Sloat* v. *Mid-west Finance Corp.*, 219 Mich. 577; *Metropolitan Securities Co.* v. *Orlow*, 107 Ohio St. 583; *Walker* v. *Mathis*, 78 Col. 384.

In jurisdictions where the recording of a chattel mortgage or a conditional sale contract is necessary to protect the rights of the mortgagee or the vendor against the claims of third persons, the matter of constructive notice is given some consideration. In the main, however, the cases rest upon the principle already referred to, that work on a chattel must have been done at the owner's request or with his consent, express or implied, and with the understanding that the chattel itself be security, in order to give rise to an artisan's common-law lien having priority over other liens and property rights in the chattel. In all these cases it is then clearly held, that the fact that the possession of the chattel involved is turned over to the mortgagor or the conditional vendee for use, does not alone warrant the implication that the mortgagee or the conditional vendor authorized the mortgagor or the conditional vendee to have work done on the chattel, for which a lien superior to the mortgage or the title of the conditional vendor would be acquired by the one doing the work. The doctrine enunciated by the supreme court of the United States in

*Rankin* v. *Scott*, 12 Wheat. (U. S.) 177, that: "The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him, in a court of law or equity, to a subsequent claimant," is also cited with approval in some of these jurisdictions.

On the broad issue before us there are, therefore, two distinct lines of reasoning, each approaching the subject from a different aspect, and each supported by substantial authority. With these divergent views existing in the cases, it is important that the law here be certain so that those interested may be informed of their rights and liabilities, and enabled to act accordingly. In this state the question is not a new one. This court in *Providence Buick Co.* v. *Pitts, supra,* and in *Arnold* v. *Chandler Motors of R. I., Inc., supra,* has heretofore decided that an artisan's common law lien on a chattel should not take priority over the property rights of a mortgagee or conditional vendor of such chattel, unless the latter's express or implied consent to the doing of the work on the security of the chattel be established, and that such consent can not be implied from the fact alone that the chattel is in the possession of the mortgagor or conditional vendee for use. This doctrine has been settled in this jurisdiction for some years by the decisions in the two above-mentioned cases. We have again reviewed the matter at some length, as it relates to the facts and circumstances of the instant case, and find no good reason for departing from the previous holdings of this court.

The defendant contends, however, that the two cases previously decided by this court are distinguishable from the instant case on the question of consent on the part of the conditional vendor, because the contract of sale herein provided that the conditional vendee should keep the truck in repair at his own expense. In the mortgage referred to in *Providence Buick Co.* v. *Pitts, supra,* there apparently was

no provision requiring repairs to be made on the chattel either by the mortgagee or the mortgagor, and in the case of *Arnold* v. *Chandler Motors of R. I., Inc., supra,* no reference is made to any requirement as to repairs in the contract of sale.

We do not find that this difference in the cases is of aid to the defendant, or that there was in the present case such a consent by the conditional vendor as would give the vendee authority to incur, for repairs on the chattel, an indebtedness which would be protected by an artisan's lien superior to the title of the conditional vendor. The express provisions in the conditional sale contract, requiring the conditional vendee to have repairs made upon the chattel at his own expense, in our judgment, places the plaintiff in a more advantageous position than in those instances where no such language appears in the conditional sale agreement. Such provision negatives any inference that otherwise might be drawn as to an implied consent or authority from the conditional vendor to the conditional vendee, that, if the repairs are not paid for by the latter, an artisan's lien on the chattel, superior to the property right of the conditional vendor therein, be imposed.

Other courts have passed upon mortgages and conditional sale contracts with provisions which related to the duty of a mortgagor or conditional vendee to have repairs made at his own expense, and which were similar to the one now before us, and have held that such language does not authorize the imposition of a lien on the chattel superior to the right of the mortgagee or conditional vendor, but prevents one from attaching. *Metropolitan Securities Co.* v. *Orlow, supra; Ehrlich* v. *Chapple, supra.* See also *Baribault* v. *Robertson,* 82 N. H. 297.

In our opinion, no facts and circumstances are disclosed by the testimony in the instant case, which warrant us in implying any consent or authority from the plaintiff to Scudder to have the repairs, for which the defendant now claims a lien, made upon the security of the truck in such

manner as to give the defendant's claim priority over the plaintiff's property rights therein.

In this proceeding, we are not determining any questions arising between a conditional vendee of a motor vehicle and an artisan who has made repairs to the same. The right of a repairman against a mortgaged motor vehicle was held valid in *Providence Buick Co.* v. *Pitts, supra,* but such right was subordinated to the right of the mortgagee. Whether conditional sale contracts of motor vehicles should be recorded, or whether the lien of one repairing a motor vehicle should be more fully defined in relation to its scope and application, are matters for legislative consideration. The question of any possible defrauding of and injustice to third persons, by reason of the result heretofore reached by this court in deciding the issues involved, was raised before us by the defendant. This question was recognized and discussed in *Arnold* v. *Chandler Motors of R. I., Inc., supra,* and it is unnecessary to allude to it again at length.

We find no error in the decision of the trial justice.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg,* for plaintiff.

*David B. Lovell, Jr., Hart, Gainer & Carr,* for defendant.