## BALTIMORE BANKERS CORP. *v.* PETERS AUTO BODY & SPRING WORKS, INC.

[No. 28, October Term, 1949.]

*Decided November 11, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Alfred F. Walker* for the appellant.

The Court declined to hear argument for the appellee.

*Lester H. Crowther,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

A narrow question is presented in this case as to priority between the holder of a chattel mortgage upon a truck and a claimant asserting a mechanic's or garageman's lien upon the same. One Richard Courtley purchased a truck from Calvin G. Brogan on October 3, 1947, and on the same day obtained a loan from the appellant in the amount of $528. He executed a chattel mortgage, which, however, was not recorded until October 14, 1947. There was testimony that the manager of the loan company examined the truck in front of his place of business, and that a garageman appraised the truck for him on the previous day. The court found as a fact that the manager did see the truck on October 3, 1947.

The appellee contends that the truck was towed to its place of business on September 29, 1947, at which time the body was removed and an estimate of repairs given. Witnesses for the appellee testified that the truck never left the premises thereafter, until sold under order of court. As we have stated, the court found as a fact that the truck was not in the appellee's possession on October 3. However, it is not disputed that work on the truck began on October 6, and was virtually completed in a week. The amount of the repair bill was $1,235.52. The appellee kept possession of the truck from October 6 until the truck was sold on April 6, 1948, by a trustee appointed by the court, for $1000. Counsel for the respective parties entered into a stipulation that the question of priority of liens should be determined by the court and the proceeds of sale distributed accordingly. On March 1, 1949, the court found in favor of the appellee and entered the decree appealed from. Section 41, Article 63 of the Code provides:

"Whenever a motor vehicle or any part thereof is left by the owner or by any other person with his authority, express or implied, in the custody of any corporation, firm or individual, association, or person for repair,

rebuilding, storage, or for the purpose of having furnished for or on account of the same any parts, accessories, or tires, the corporation, firm, individual, association or person in whose custody said motor vehicle or part thereof is left for all or any of the purposes aforesaid, shall have a lien on said motor vehicle or part thereof for all charges so incurred, and may lawfully retain the same until said charges have been paid, or until said lien is extinguished or discharged as hereinafter provided. Said lien shall be superior to the rights of the holders of conditional sale contracts, bills of sale, chattel mortgages or other liens or claims of any kind which are not theretofore executed and recorded or filed for record as required by law, but shall be subordinate thereto where the same have been theretofore executed and recorded as required by law. Surrender or delivery of any motor vehicle subject to the lien aforesaid shall operate as a waiver or extinguishment of the same as against third persons without notice thereof, but shall not operate as such waiver or extinguishment as against the owner or as against third persons with notice."

Moreover, in Maryland at least, a chattel mortgage, unlike a mortgage of real estate, takes effect, except as between the parties, only from the time of recording. Code, Article 21, Section 52.

Since the chattel mortgage was not recorded until October 14, at which time the repairs were virtually complete, it seems too clear for argument that the garageman's lien is superior by the express terms of the statute. The appellee contends that the surrender of the vehicle on October 3, operated as a waiver or extinguishment of the lien. This argument overlooks the undisputed testimony that the repair work did not begin until October 6. The lien attached at that time and there is no evidence of a subsequent waiver. On the contrary, the repairman held continuous possession from October 6, down to the time of sale. The case of *Goldenberg v. Federal Finance and Credit Company*, 150 Md. 298, 133 A. 59, relied on by the appellant, is not in

point, because in that case the conditional sales contract was both executed and recorded before the repairs were made, and the garageman was charged with notice. *Cf. Universal Credit Co. v. Marks,* 164 Md. 130, 137, 141, 163 A. 810.

*Decree affirmed, with costs.*