CARROLL, CHAS., Chief Judge.
Appellant filed a replevin action in the Civil Coitrt of Record in Dade County, seeking possession of an automobile. This appeal is from a summary judgment entered in favor of the appellee-defendant.
The suit was the outgrowth of the sale of an automobile under a conditional sale contract, sometimes referred to as a retain title contract. The car was purchased by one George Stevenson from Olin’s Used Cars, Inc. and the contract called for payment of a deferred balance in monthly installments. The contract provided that upon default the balance due would be accelerated and, among other things, that the vendor would be entitled to possession.
The complaint in replevin alleged (and the defendant’s answer denied) that notice of the vendor’s lien under the conditional sale contract was filed with the Florida Motor Vehicle Commissioner under the statute [§ 319.15, Fla.Stat., F.S. A.[1]]. The vendor assigned the contract to the appellant.[2] Thereafter the purchaser or someone for him delivered the car to All Miami Ford, Inc., for certain repair work, and that company, after making the repairs, retained the car as security for the cost of such repairs under § 86.08(2), Fla.Stat., F.S.A. When a default occurred in the payments under the contract, the vendor’s assignee demanded possession of the car from All Miami Ford, Inc. The demand was refused and replevin was brought to recover possession from All Miami Ford, Inc.
The plaintiff’s motion for summary judgment was heard on the pleadings consisting of the complaint and the answer, an affidavit of plaintiff’s attorney supporting certain allegations of the complaint, and an affidavit of an officer of the defendant corporation reciting its claim for the cost of repairs to the car, in the sum of $420.
The trial judge denied the plaintiff’s motion for summary judgment and granted summary judgment for the defendant upon concluding, on the basis of the record before him, that defendant was entitled to judgment as a matter of law. We are unable to agree with the learned trial judge in this regard, and we hold that in granting judgment for the defendant the trial court was in error in two respects.
First, there was a material issue, based on the allegations of the complaint as denied in the answer, on the question of the alleged filing of notice of the conditional sale contract in the office of the Motor Vehicle Commissioner. That issue was important to the case^ because if the notice prescribed by the statute was filed, it would entitle the vendor or its assignee to enforce the contract (including acquiring posses *859 •sion in a replevin action) against the creditor of the buyer. See Fritz v. Miami Industrial Bank, 143 Fla. 342, 196 So. 689; G. F. C. Corporation v. Spradlin, Fla.1949, 38 So.2d 679; Restatement, Security, § 76; Annotation, 36 A.L.R.2d 198. Neither of the two affidavits filed on the motion for summary judgment contained any eviden-tiary matter bearing on that question. The issue made thereon by the pleadings stood unresolved. Apparently the court felt that the issue was not necessary of determination, because the court was of the view that the repairman’s lien prevailed over the previously established rights of the vendor’s assignee under the conditional sale contract. As we have pointed out above, such would not be the case, if the repairman’s lien was acquired after due filing of notice of the conditional sale contract. On reversal and remand of the cause that issue should be tried and determined.
Secondly, we hold that the court erred in announcing and following the view that while the holder of thet conditional sale contract might have foreclosed the lien thereof, there was no remedy for recovery of possession against a person claiming under the buyer; and in concluding that priorities of liens as between the parties had no bearing on the case. A conditional vendor may treat the sale as absolute and seek the purchase price, or he may treat the sale as rescinded and recover the property.[3] Baer v. General Motors Acceptance Corp., 101 Fla. 913, 132 So. 817. See 6 Fla.Jur., Conditional Sales, etc., §§ 118, 120.
Appellee argues that the repairman’s lien should prevail over the earlier established lien of the conditional sale vendor, contending that the terms of the contract conferred consent on the conditional vendee in possession to subject the conditional vendor’s interest to a lien for repairs. The contract here contained two provisions bearing on that point. It stated that the vendee should keep the property free of liens and encumbrances, and also stated that the vendee should keep the vehicle repaired.[4] It may be argued with considerable force that a provision in such a contract, requiring the vendee in possession to keep the property in repair, would justify an implication of such consent. However, that implication is negatived by an express provision in the contract that the purchaser should keep the property free of any such lien claim. Universal Credit Co. v. Spinazzolo, 39 Del. 117, 197 A. 68; General Motors Acceptance Corp. v. Goldboges, 260 Ill.App. 474; Goldenberg v. Federal Finance & Credit Co., 150 Md. 298, 133 A. 59; General Motors Acceptance Corp. v. Sutherland, 122 Neb. 720, 241 N.W. 281; Universal Credit Co. v. Printy, 45 N.M. 549, 119 P.2d 108; Goldstein v. Mack Motor Truck Co., 56 R.I. 1, 183 A. 136, 104 A.L.R. 261. Accord, Ehrlich v. Chappie, 311 Ill. 467, 143 N.E. 61, 32 A.L.R. 989; Metropolitan Securities Co. v. Orlow, 107 Ohio St. 583, 140 N.E. 306, 32 A.L.R. 992; Taylor v. Liddon-White Truck Co., 191 Tenn. 336, 233 S.W.2d 52; Dallas County State Bank v. Crismon, Tex. Civ.App.1921, 231 S.W. 857. While the cases are not uniform on this question, reason and substantial authority support the rule that such consent to encumber the property will not be inferred in the face of a provision against incurring liens or *860 encumbrances. 47 Am.Jur., Sales, § 87S, p.79; 3 Jones, Chattel Mortgages & Conditional Sales, §§ 1125, 1126 (6th Ed.1933); 7A Blashfield, Cyclopedia of Automobile Law & Practice, § 5162 (Perm.Ed.1950).
Accordingly, for the reasons stated, the summary judgment entered by the trial court in favor of the appellee-defendant is reversed, and the cause is. remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON, J., and DREW, E. HARRIS, Associate Judge, concur.

. The statute provides that upon filing the prescribed notice thereof in the office of the Motor Vehicle Commissioner, the vendor’s lien under retain title or conditional bill of sale will prevail against creditors or subsequent purchasers for value and without notice.

. Such contracts are assignable, and upon default in payment the assignee may regain possession in a replevin action. Commercial Credit Co. v. Neel, 91 Fla. 505, 107 So. 639.

. A repairman having a lien on the buyer’s interest in the ear could be protected, to the extent that the buyer would be, by requiring resale of the car, after repossession by a seller or seller’s as-signee, and application upon the repairman’s lien of the excess proceeds of the resale over defined costs and expenses and the amount due the repossession-plaintiff; under provisions of § 520.11, Fla.Stat., F.S.A. (Ch. 57-799, Laws of ITla.1957) which act became effective before the present action for repossession.

. The language of the conditional sale contract bearing on this feature was: “Buyer Agrees: * * * to keep said property (1) free of taxes, liens and encumbrances, (2) in buyer’s possession at address listed above unless otherwise approved (in writing) by seller, (3) in good condition and repair, * * * ”,