DAVID S. DANNELLY, *Plaintiff in Error*, v. G. E. RUSS, *Defendant in Error*.

1.  The trial courts have a discretion as to the order of the introduction of deeds constituting links in the chain of titles.

2.  The possession of a conditional vendee is not adverse to the title of· his vendor until full performance and the vendor's deed to a third party conveys title.

3.  Mere indulgence of the conditional vendor in enforcing the payment of the purchase money held not to operate as an estoppel.

This case was decided by Division A.

Writ of Error to the Circuit Court for Wakulla County.

The facts in the case are stated in the opinion of the court. ·

*Nat. R. Walker,* for plaintiff in error;

*Joseph A. Edmondson,* for defendant in error.

COCKRELL, J.—Two brothers, J. D. Cay and Raymond Cay, were the owners of a tract of land in Wakulla county, the legal title being in the name of the latter only.

In 1898 or 1899 they made a final agreement with David S. Dannelly whereby possession of a part of this

tract was given him upon the payment of ten dollars and the understanding that the land would be conveyed to him upon the payment at his convenience of the balance of the agreed purchase price. Upon taking possession Dannelly built him a house and has ever since cultivated the place as a farm. In 1903 J. D. Cay, having previously received a deed of conveyance from his brother, conveyed the land to G. E. Russ, who recovered in ejectment without mesne profits, against Dannelly at the spring term 1907 of the circuit court for Wakulla county.

There was no error in admitting the deed of J. D. Cay to Russ over the objection that plaintiff must first prove title from the sovereign grantor.

While it is essential to recovery in ejectment that the plaintiff show chain of title from the sovereign or from some common source of title, yet the order of the introduction of the links in that chain is a matter within the discretion of the trial court and will not be interfered with on appeal. Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395, and cases cited.

Dannelly testified that he made several endeavors to get a deed of J. D. Cay and offered to pay the balance, but that it was refused on the ground that J. D. Cay was awaiting a deed from Raymond Cay; this however appears to be contradicted and the defendant's evidence is to the effect that Dannelly failed wholly to make any payment on demand therefor.

The court admitted to the jury the question of the reasonableness of the time for payment, but refused to charge upon adverse claim by a party in possession at the time of the deed from Cay to Russ.

Dannelly having entered possession under Raymond Cay and claiming title only through him, under the settled adjudication of this court, the holding was not ad-

verse as to him, nor does this holding prevent Cay from giving perfect legal title to any grantee, until full compliance on the part of Dannelly. This was distinctly ruled by this court in Gamble v. Hamilton, 31 Fla. 401, 12 South. Rep. 229. In Smith v. Klay, 47 Fla. 216, 36 South. Rep. 54, we held that if the conditional vendee had not paid the full purchase price, "his possession was *not adverse* to the title of his vendors and the deed from such vendors to the plaintiffs would have been effectual to convey title to them as against Smith." (the conditional vendee).

We do not see under the circumstances of this case why a different rule should obtain merely because Russ claims through J. D. Cay intermediary rather than having a deed direct from Raymond Cay.

The court following the opinion in the case of Smith v. Klay, permitted the jury to determine whether Dannelly had fully complied with his contract. This may have been abstract and unfavorable to the plaintiff below, but the defendant will not be heard to complain.

We see no basis in this record for an equitable estoppel that should operate as a defense under the plea of not guilty. Mere indulgence on the part of the conditional grantor or a liberal interpretation of the length of the reasonable time to be allowed the grantee for performance is all that can be made out of the evidence. Nor is there possible basis for the contention that there had been seven years of adverse holding so as to create a title under the statute of limitations.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.