COMMERCIAL CREDIT COMPANY, A CORPORATION, *Plaintiff in Error*, v. S. H. NEEL, *Defendant in Error*.

Division B.

Opinion Filed March 16, 1926.

*James H .Finch,* for Plaintiff in Error.

BUFORD, J.—The plaintiff in error instituted suit in replevin in the Circuit Court of Jackson County, Florida, against the defendant in error, S. H. Neel, for the recovery of a certain Fordson Tractor.

The facts in the case as disclosed by the record were that H. W. Moring Motor Company, doing business at Chattahoochee, in Gadsden County, Florida, sold the tractor to F. S. Seaman, but retained title therein under a written contract which stipulated that the title should remain in the seller or his assigns until the purchase price had been fully paid. This contract was made on the 18th day of June, 1923, and on the same date the seller sold, assigned

and transferred to the plaintiff in error without recourse the contract and all the right, title and interest of the seller in the property therein described.

The original buyer, Seaman, failed to meet his payments; demand was made upon him by the assignee of the contract; he then went back to the H. A. Moring Motor Company and traded the tractor for an automobile. H. A. Moring Motor Company then sold the tractor to S. H. Neel; the tractor was found in the possession of Neel, demand was made by plaintiff for possession of the tractor and Neel declined to deliver possession. Thereupon action in replevin was instituted against Neel. Judgment was rendered in favor of the defendant. Which judgment is before this Court on writ of error.

The evidence shows that the sale of the contract and property therein described, by H. A. Moring Motor Company, to Commercial Credit Company was a straight sale and bona fide transaction. There is no evidence which tends to show that thereafter H. A. Moring Motor Company had any authority of any kind whatever over the tractor.

Under the facts, stated when H. A. Moring Motor Company traded with Seaman and thereby regained possession of the tractor the Motor Company acquired no title in the tractor and therefore could convey no title.

Danelly vs. Russ, 54 Fla. 285, 45 So. 496.

This case presents an unusual state of facts but as unusual as they are a parallel case is found in that of State Bank of Black Diamond vs. Johnson, et al., 104 Washington 550, 177 Pacific 340, 3 A. L. R. 235, and we quote with approval from that decision as follows:

"Where the seller of an automobile which reserved title under a conditional sale contract assigned the contract and note, etc., to a bank, and thereafter the buyer returned the automobile to the seller, which though having no title, sold

it to defendants, held that no title passed to defendants on the theory that the seller was in possession and was engaged in the business generally of selling automobiles, for the doctrine of market overt is not recognized in the United States.''

The defendant in error by his attempted purchase from H. A. Moring Motor Company acquired no title to the property.

At the time of the institution of the suit the title to the property was in the Commercial Credit Company and by reason of the non-compliance with the terms of the conditional sales contract on the part of Seaman, Commercial Credit Company had acquired and then had the right to the possession of the property.

Under the pleadings and evidence submitted in the case the trial Court should have directed a verdict in favor of the plaintiff.

The judgment is reversed and the cause remanded.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the Opinion.