85 So.2d 874 (1956)
Denver F. DICKS, Appellant,
v.
COLONIAL FINANCE CORPORATION, a corporation, Appellee.
Supreme Court of Florida. Division B.
March 7, 1956.
Williams & Futch, Starke, and T.E. Duncan, Gainesville, for appellant.
Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, and B.R. Burnsed, Macclenny, for appellee.
O'CONNELL, Justice.
This is an appeal from a final summary judgment entered for the appellee, plaintiff below, Colonial Finance Corporation, *875 in a replevin action instituted against the appellant, defendant below, Denver Dicks.
The facts are not disputed. They are set forth in a memorandum decision, entered by the Circuit Court, and are as follows:
"Findings of Fact
"The plaintiff and defendant entered into a stipulation respecting the facts. The determinative ones are now set forth:
"One K.W. O'Haver of Tampa, Florida, on January 4, 1952, sold a 1951 Chrysler Automobile to Neill-Howard Motors of Miami, Florida, at Valdosta, Georgia, at Tom Hewitt Auto Auction. A check was given by Neill-Howard in payment therefor, and the automobile was delivered into the possession of Neill-Howard Motors. Five days later, on January 9, 1952, at Miami, Florida, Neill-Howard Motors sold the automobile to one Joe Howard on a conditional sales contract, and delivered possession to him. That same day the plaintiff, in good faith, bought and received an assignment of the conditional sales contract from Neill-Howard.
"The sales contract provided, among other things, for the payment of the principal sum of Two Thousand Three Hundred Eighty-Three and 20/100 Dollars ($2,383.20), with interest at 6%, payable in monthly installments of One Hundred Thirty-Two and 40/100 Dollars ($132.40) on the 9th day of each month. It also contained the usual default provisions allowing the conditional vendor to repossess the automobile in case of default.
"On January 15, 1952, the plaintiff, Colonial Finance, filed with the Trail Auto Tag Agency of Miami, Florida, for forwarding to the Motor Vehicle Commissioner at Tallahassee, Florida, the proper motor vehicle forms reciting the sale of the automobile to Joe Howard, and the assignment of the conditional sales contract to Colonial Finance. It was requested that a title certificate be issued to Joe Howard showing a first lien in Colonial Finance for Two Thousand Three Hundred Eighty-Three and 20/100 ($2,383.20).
"Meanwhile the check, which Neill-Howard had given to O'Haver in payment of the automobile, was dishonored but was re-deposited by O'Haver and was finally dishonored again after January 9, 1952.
"Subsequently the automobile, unknown to Colonial Finance, was returned to the possession of O'Haver.
"On January 25, 1952, O'Haver resold the automobile to Murray Motor Company of Jacksonville, Florida, through Tom Hewitt Auto Auction of Valdosta, Georgia. Three days later, on January 28, 1952, at Jacksonville, Florida, Murray Motor Company sold the automobile to the defendant, Denver F. Dicks. The record is void of any showing that either Murray Motors or the defendant made any inquiry about the automobile at the Office of Motor Vehicle Commissioner prior to or after this purchase.
"On January 29, 1952, the Tallahassee Office of Motor Vehicle Commissioner received the title application of Colonial Finance dated January 9, 1952, and on February 11, 1952, issued a certificate of title to Joe Howard showing a first lien in favor of Colonial Finance.
"Later on February 15, 1952, the Office of the Motor Vehicle Commissioner at Tallahassee, Florida, received application for issuance of an original Florida title certificate in favor of Denver F. Dicks, with a lien in favor of Consumers' Finance Company of Jacksonville, Florida, for One Thousand Nine Hundred Forty-Seven and 46/100 Dollars ($1,947.46).
"Despite the earlier issuance of title on the same automobile to Joe Howard, the Commissioner issued a title to the *876 defendant on April 1, 1952, showing a first lien in favor of Consumers' Finance Company. When the Motor Vehicle Commissioner ascertained he had issued two title certificates for the same automobile, both were cancelled.
"On May 9, 1952, and again on June 9, 1952, Joe Howard failed to make payments on the conditional sales contract, whereupon the plaintiff, after locating the automobile in the possession of the defendant, brought the present replevin action."
In taking his appeal the appellant raises three questions, to wit:
1. Is appellee estopped from asserting its lien against appellant by reason of its conduct in filing its lien for record? (Appellant did not file its lien, in the office of the Motor Vehicle Commission in Tallahassee, within 10 days as required by Section 319.23(5), F.S.A.)
2. When are liens considered filed under the terms of Chapter 319, F.S.A., i.e. when submitted to an agent of the Motor Vehicle Commissioner in the field, or when actually received by the Motor Vehicle Commissioner in Tallahassee?
3. Was there a duty on the part of appellant to make inquiry to each of the private tag agencies in the State of Florida as to liens, or could he rely on the records of the Motor Vehicle Commissioner in Tallahassee?
The first question, that of estoppel, is disposed of on technical grounds. The appellant, in paragraph 6 of his answer, pleaded estoppel as a defense. On motion of appellee, this portion of the answer was stricken by the court and appellant was allowed to plead further, which he did not do. Estoppel is an affirmative defense which must be specially pleaded and is waived if not pleaded. MacGregor v. Hosack, Fla., 58 So.2d 513. 30 F.S.A. Florida Common Law Rules, Rule 9(d). Further, the action of the court in striking the pertinent portion of appellant's answer is not assigned as error, and therefore is not properly before us.
The second question raised by appellant does not appear to be based on any ruling or decision of the court below, and in any event we think it is unnecessary to be decided by us in reaching a decision since we do not agree, as contended by appellant, that Section 319.15, F.S.A., is applicable, but construe the following portion of Section 319.27(2) to be controlling in factual situations such as found here.
"* * * Provided, however, that the lien shown on the application for original certificate of title shall take priority over all liens or encumbrances filed subsequent to the date shown on such application. * * *"
We have previously held that Section 319.27, F.S.A., controls the rights of the owners of chattel mortgages, conditional sales contracts, or similar instruments covering a motor vehicle. McQueen v. M & J Finance Corp., Fla., 59 So.2d 49; Livingston v. National Shawmut Bank of Boston, Fla., 62 So.2d 13; Vincent v. General Motors Acceptance Corporation, Fla., 75 So.2d 778.
The third question raised by appellant need not be considered, since it does not relate to any ruling or decision of the court below, was not essential to its conclusion, and need not be determined by this Court in reaching a decision.
The basic question to be determined is whether the lien acquired by Colonial Finance Corporation was valid as against the appellant, who claims to be a good faith purchaser, for value and without notice of appellee's lien.
We feel that the court below decided this question properly. Appellant does not contend that the conditional sales contract, which was assigned to appellee, was not valid as against K.W. O'Haver, through whom appellant must trace his title. In the absence of some intervening principle of estoppel, no one can convey better title than he has, and conversely, in the absence of some such intervening right, one cannot claim a better title than he, in fact, receives. Glass v. Continental *877 Guaranty Corporation, 81 Fla. 687, 88 So. 876, 25 A.L.R. 312; Commercial Credit Co. v. Neel, 91 Fla. 505, 107 So. 639. As above stated the question of estoppel is not before us. Therefore, we must conclude that appellee's lien was a valid first lien, subject to its being recorded, according to the statute, before any other lien was recorded.
Appellee did file the first application for original certificate of title and its lien was properly shown thereon. Its lien therefore was prior in dignity to the rights of appellee. § 319.27(2), supra.
The judgment appealed from is affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.