382 So.2d 825 (1980)
Marvin CARLSEN and Marlin Imports, Inc., Appellants,
v.
Coradino RIVERA, d/b/a Empire Auto Leasing, Reg'd., Appellee.
No. 78-1979.
District Court of Appeal of Florida, Fourth District.
April 16, 1980.
John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A. and George L. Moxon, Fort Lauderdale, for appellants.
Gregory K. Jones of Ruf & Jones, Fort Lauderdale, for appellee.
HERSEY, Judge.
This is an appeal from a final judgment in a replevin action involving application of a section of Florida's Uniform Commercial Code.
Appellee, Coradino Rivera, d/b/a Empire Auto Leasing, Reg'd., (a Canadian car leasing agency), leased a 1976 Mercedes Benz 450 SL automobile to one James McEnroe who he knew to be the owner of an automobile dealership. This transaction took place in Quebec, Canada. The automobile lease showed the lessee as James McEnroe and listed his home address, which was different from his business address. Subsequently, McEnroe fraudulently obtained title to the automobile, placing it in the name of his agency, Jimmy McEnroe Auto.
McEnroe sold the automobile to Expo Rent-a-Car, Inc. in Fort Lauderdale, Florida. By virtue of the fraudulent registration obtained by McEnroe, Expo was in a position to procure a facially valid Florida title certificate. Expo then sold the car to Marlin Imports, Inc. On the same day, Marvin Carlsen placed a deposit on the automobile and three days later paid the balance of the purchase price. Title was subsequently issued to Carlsen.
Rivera filed a replevin action against Carlsen and the intervening possessors of the automobile were brought into the action by respective third-party complaints.
On these facts the trial court found that Rivera leased the automobile to McEnroe, an individual; that McEnroe stole the automobile by fraudulently obtaining title; that McEnroe never had ownership or title to the automobile so that any title which he sought to convey was a void title; that all subsequent attempts to convey title were void; and that plaintiff, Rivera, was therefore *826 entitled to possession of the automobile or its value, together with damages for the wrongful detention. The final judgment permitted Carlsen to recover from Marlin; for Marlin to recover from Expo, leaving unanswered the question of whether or not Expo has an enforceable cause of action over and against McEnroe.
The controlling provision of the Florida Uniform Commercial Code is Section 672.403, Florida Statutes (1977), which provides:
Power to transfer; good faith purchase of goods; "entrusting."
(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
(a) The transferor was deceived as to the identity of the purchaser, or
(b) The delivery was in exchange for a check which is later dishonored, or
(c) It was agreed that the transaction was to be a "cash sale," or
(d) The delivery was procured through fraud punishable as larcenous under the criminal law.
(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.
(3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.
(4) The rights of other purchasers of goods and of lien creditors are governed by the chapters on secured transactions (chapter 679), bulk transfers (chapter 676) and documents of title (chapter 677).
Initially, it is necessary to determine whether there was an entrustment of the automobile. Both under the Code and under prior case law McEnroe could not convey good title or even voidable title if he had stolen the automobile. Section 672.403, Florida Statutes (1977); Avis Rent-A-Car, Inc. v. Harrison Motor Co., 151 So.2d 855 (Fla.2d DCA 1963). While it is true that McEnroe is said to have stolen the automobile, he acquired possession lawfully by virtue of the lease agreement. He then committed larceny by forging the title documents, and converted the automobile by selling it. The distinction is that he obtained possession lawfully and could therefore convey a voidable title which could be perfected upon a sale to a buyer in the ordinary course of business. The statutes make it very clear that any delivery of possession and any acquiescence in retention of possession constitutes entrustment under the statute. This would obviously include a lease arrangement.
Having concluded that there was an entrustment, the second question to be answered is whether McEnroe was a merchant who deals in goods of that kind.
The record discloses that McEnroe was actively engaged in the business of selling automobiles. The trial court apparently considered the fact that the lease recited McEnroe's home address rather than his business address as conclusively establishing the intention of the lessor to lease the automobile to McEnroe the individual rather than to McEnroe the automobile dealer. Even assuming this was the intention of the parties to that transaction, the statute clearly does not look to intent but to effect. It is undisputed that McEnroe was in the business of selling cars. In our view that is determinative of this issue. The purpose of this section of the Uniform Commercial Code is to protect the buyer in the ordinary course of business and thus to eliminate impediments to the free flow of commerce. One analysis of this area of the code expressed it in the following language:

*827 The use of ... doctrines to protect the original owners was frequently criticized; to permit the owner's intent to dictate the decision appeared to ignore the rights of the good faith purchaser rather than to weigh them against the owner's rights. This was regarded as unfair to the purchasers and harmful to the commercial objective of fostering a free flow of goods.
* * * * * *
The Code broadens the entrusting doctrine ... [and] the intent of the owner, which had been respected in prior law, appears disregarded under this provision of the Code. Note, the Owners Intent and the Negotiability of Chattels: A Critique of Section 2-403 of the Uniform Commercial Code, 72 Yale Law J. 1205.
See also: Comment, Uniform Commercial Code Section 2-403(2), XXI U.Fla.L.Rev. 241.
Quite clearly, then, there was an entrustment of the automobile to a merchant who dealt in goods of that kind.
If McEnroe had sold directly to Carlsen for valid consideration and without notice of the defect in title, then Carlsen would prevail as against the interests of the owner/entrustor. Correria v. Orlando Bank and Trust Co., 235 So.2d 20 (Fla. 4th DCA 1970). Should the result be any different because of the existence of intervening sales? We think not. Carlsen purchased the automobile from Marlin Imports, Inc., which was engaged in the business of selling automobiles. Carlsen had no notice of any defect in the title and in fact obtained a title certificate. Under these circumstances, Carlsen was clearly a buyer in the ordinary course of business. In pre-Code language, McEnroe conveyed voidable title to Expo, who conveyed voidable title to Marlin, who conveyed voidable title to Carlsen, a bona fide purchaser for value without notice. The Uniform Commercial Code does not change the result. The buyer in the ordinary course of business obtains good title by virtue of Subsection 2 of Section 672.403, Florida Statutes (1977).
We therefore reverse the final judgment and remand the cause for such further proceedings as may be necessary to enable the trial court to enter a judgment in accordance with the foregoing.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.