611 So.2d 608 (1993)
GREEN TREE ACCEPTANCE, INC., Appellant,
v.
George D. ZIMERMAN and Janet D. Zimerman, Appellees.
No. 92-01555.
District Court of Appeal of Florida, Second District.
January 13, 1993.
*609 Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
Robert B. Burandt of Aloia, Dudley, Roosa, Sutton, McIver & Burandt, Cape Coral, for appellees.
THREADGILL, Judge.
Green Tree Acceptance, Inc. appeals a partial summary judgment entered in favor of George and Janet Zimerman in their action for declaratory judgment to determine title to a motor home. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). We reverse.
The pleadings and record establish that Augustine and Barbara Caron purchased a new motor home from Bradford Trailer Sales, Inc. under a retail installment contract and security agreement. Green Tree took assignment of the contract and security agreement. Green Tree's lien, dated January 7, 1988, was noted on the certificate of title for the motor home. On or about April 6, 1990, the Carons, without Green Tree's knowledge, traded the motor home to Wildcat Van Center, Inc., a merchant dealing in motor homes and recreational vehicles. Thereafter, the Carons made no further installment payments to Green Tree.
On April 9, 1990, the Zimermans purchased the motor home from Wildcat. Wildcat did not advise the Zimermans that there was a lien on the motor home, and the record is devoid of any showing that Wildcat or the Zimermans inquired of the Department of Highway Safety and Motor Vehicles as to the condition of the motor home's title.
When the Caron's account with Green Tree became delinquent on May 5, 1990, Green Tree contacted them and learned that the motor home had been sold. Green Tree wrote to Wildcat, requesting payoff on the Carons' account. The lien was never satisfied.
The Zimermans filed their action for declaratory judgment. Green Tree filed a complaint alleging an action for replevin against the Zimermans, an action for conversion against Wildcat, and an action for damages against the Carons. The actions were consolidated. The trial court granted partial summary judgment in favor of the Zimermans on their amended complaint, finding that the Zimermans had superior title to the motor home and requiring *610 Green Tree to deliver the certificate of title to them, free of any and all liens. The trial court reserved jurisdiction to enter judgment in Green Tree's action. We find the trial court erred in holding that the Zimermans took title to the motor home free of Green Tree's lien.
A purchaser of goods acquires all title which his transferor had or had power to transfer. § 672.403(1), Fla. Stat. (1989). A person acquiring a motor vehicle or mobile home from the owner thereof, whether or not the owner is a licensed dealer, shall not acquire marketable title until he has had issued to him a certificate of title to the motor vehicle or mobile home. § 319.22(1), Fla. Stat. (1989). The purchaser's failure to obtain the title certificate at the time of sale does not, however, prevent the passage of title from the seller to the buyer. Motor Credit Corp. v. Woolverton, 99 So.2d 286 (Fla. 1957). Section 319.22(1) "does not provide that no valid title shall be perfected until the purchaser obtains a title certificate, but that no marketable title shall be perfected until that time." Woolverton, at 290. In the instant case, the Zimermans, through Wildcat, acquired that title to the motor home which the Carons held. This title passed, however, subject to Green Tree's lien.
Under Florida's Uniform Commercial Code, good title to a motor vehicle is conveyed free of a prior lien if the lienholder entrusts possession of the motor vehicle to a merchant who deals in vehicles of that kind, and the merchant, in turn, sells the motor vehicle to a buyer in the ordinary course of business without satisfying the lien. Milnes v. General Elec. Credit Corp., 377 So.2d 725 (Fla. 3d DCA 1979); § 672.403(2), Fla. Stat. (1989)[1]. The above result does not obtain, however, unless the lienholder entrusts possession of the motor vehicle to a merchant or acquiesces in such entrusting by the owner. See Milnes, at 728.
In those cases in which the protections of section 672.403(2) have been applied, the owners and/or lienholders have had knowledge of and have acquiesced in the placement of the vehicles with dealers. See, e.g., Florida Dept. of Corrections v. Blount Pontiac-GMC, Inc., 411 So.2d 930, 933 (Fla. 1st DCA 1982); Carlsen v. Rivera, 382 So.2d 825 (Fla. 4th DCA 1980); Milnes v. General Elec. Credit Corp., 377 So.2d 725, 729 (Fla. 3d DCA 1979); Correria v. Orlando Bank & Trust Co., 235 So.2d 20, 23 (Fla. 4th DCA 1970). Here, Green Tree did not learn that the Carons were no longer in possession of the motor home until at least six weeks after the Zimermans had purchased it. Also, there has been no showing that Green Tree acquiesced in any way in the placement of the motor home with Wildcat. Accordingly, Green Tree cannot be said to have entrusted the motor home to Wildcat, and the Zimermans did not take title free from Green Tree's lien under section 672.403(2).
Further, section 672.403(2) may have a limited application with respect to motor vehicles. 45 Fla.Jur.2d Sales § 90 (1984). It has been held that a party cannot be a bona fide purchaser if he failed to inquire as to the condition of title with the Department of Highway Safety and Motor Vehicles, and that the party assumes the existing defects and liens on the title. Id.; see Dicks v. Colonial Finance Corp., 85 So.2d 874 (Fla. 1956); Barnett Bank of Clearwater, N.A. v. Rompon, 377 So.2d 981 (Fla. 2d DCA 1979); Castner v. Ziemer, 125 So.2d 134 (Fla. 2d DCA 1960); see also § 319.27(2), Fla. Stat. (1989) (notice of lien filed with Department of Highway Safety and notation of lien on certificate of title shall be effective as constructive notice of lien). Because the Zimermans failed to inquire as to the condition of title and are not otherwise entitled to the protections of section 672.403(2), their interest in the motor home is subject to Green Tree's lien.
We therefore affirm the trial court's finding that the Zimermans are the owners of the motor home, but reverse that portion of the trial court's order which requires *611 Green Tree to deliver to the Zimermans a certificate of title free of any and all liens.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Section 672.403(2): "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business."