613 So.2d 517 (1993)
ALAMO RENT-A-CAR, Inc., Appellant,
v.
WILLIAMSON CADILLAC COMPANY, Appellee.
No. 92-1234.
District Court of Appeal of Florida, Third District.
January 19, 1993.
Rehearing Denied March 16, 1993.
*518 Tripp, Scott, Conklin, & Smith and Michele K. Feinzig, Fort Lauderdale, for appellant.
Quinton, Lummus, Dunwody & Jensen and A. Edward Quinton, III, Miami, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
Alamo Rent-a-Car appeals from a summary judgment that Williamson Cadillac, which purchased an automobile from an individual who had leased the car from Alamo and sold it on the basis of a fraudulently obtained duplicate title, had superior rights to the car. We reverse with directions that judgment be entered for Alamo instead.
It is undisputed that, in a supremely run-of-the-mill transaction, Alamo rented a Cadillac for a week to a person named Frank Verdi for his individual use. It is undisputed also that, two days later, Verdi incorporated Verdi Fleet Systems, Inc., listing himself as sole director and registered agent. Verdi then forged an application for and received a duplicate title to the car and, three days after that (and two days after he was to have returned the car to Alamo) had his corporation sell it to Williamson, along with two other Cadillacs which had apparently been similarly obtained and titled. On these facts, Williamson cannot succeed.
It is of course the general rule that a thief such as Verdi cannot pass good title. Hammond v. Lynes, 21 Fla. 118 (1884); Avis Rent-a-Car Sys., Inc. v. Harrison Motor Co., 151 So.2d 855 (Fla. 2d DCA 1963). Williamson's invocation of the exception to that rule contained in § 672.403(2) is to no avail. That provision states:
(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.
This section does not apply because Alamo did not "entrust" the Cadillac to "a merchant who deals in goods of that kind." At *519 the time he leased the car, Verdi was plainly not such a person; he, or rather his corporation, only became one two days later. Moreover, on an a fortiori basis, the vehicle could not have been "entrusted"  a term which itself connotes knowledge and volition  in the admitted absence of any indication that Alamo was aware of Verdi's unlawful business or intent. The very basis of 672.403(2) is to place on the owner the burden of losing his property if he knowingly takes the chance of delivering it to a person in the business of dealing with goods of that kind. See Note, The Owner's Intent and the Negotiability of Chattels: A Critique of Section 2-403 of the Uniform Commercial Code, 72 Yale L.J. 1205 (1963); James L. Padgett, Comment, Uniform Commercial Code Section 2-403(2): The Authority of a Bailee to Convey Title, 21 U.Fla. L.Rev. 241 (1968). This principle does not apply to the present situation. See Green Tree Acceptance, Inc. v. Zimerman, 611 So.2d 608 (Fla. 2d DCA 1993) and cases cited.
The point is made by the distinction between these facts and those in the case on which Williamson most heavily relies, Carlsen v. Rivera, 382 So.2d 825 (Fla. 4th DCA 1980). That decision, in which the purchaser from the embezzler of a leased vehicle indeed prevailed over the owner, rested entirely upon the fact that the lessor rented the car to
one James McEnroe who he knew to be the owner of an automobile dealership.
Carlsen, 382 So.2d at 825. The principles applicable when this is not the case are well stated in Touch of Class Leasing v. Mercedes-Benz of Canada, Inc., 248 N.J. Super. 426, 591 A.2d 661 (App.Div. 1991), cert. denied, 126 N.J. 390, 599 A.2d 166 (1991), which we are content to follow and adopt.[1]
Reversed and remanded with directions.
NOTES
[1] The basis of our decision makes it unnecessary to treat Alamo's additional contentions that, given the circumstances of Williamson's acquisition of the car, it was not "a buyer in ordinary course of business" under § 672.403(2), and that it could not secure title through the fraudulent duplicate title certificate under § 319.29(1).