661 So.2d 322 (1995)
ORLANDO DODGE, INC., Appellant,
v.
FIRST Union NATIONAL BANK, Appellee.
No. 94-1915.
District Court of Appeal of Florida, Fifth District.
September 15, 1995.
Rehearing Denied October 18, 1995.
*323 Patrick M. Magill, Orlando, for appellant.
William M. Lindeman and Jason A. Rosenthal, of Foster & Kelly, Orlando, for appellee.
PETERSON, Chief Judge.
Orlando Dodge, Inc., appeals an order in which the trial court determined that First Union National Bank, a holder of a lien on a motor vehicle, was entitled to possession of it against the claim of Orlando Dodge, a later purchaser who relied on an inquiry with the motor vehicle office and on a certificate of title, neither of which indicated that the vehicle was subject to a lien. We affirm.
On May 28, 1992, Patsy and Carl Mirsky bought a 1992 Dodge Caravan van and gave their lender, appellee First Union, a security interest in the van. A new title certificate was issued by the Florida Department of Highway Safety and Motor Vehicles, Division of Motor Vehicles (DMV), and the First Union lien was properly reflected on the certificate.
Later, the Mirskys had the title certificate returned to the DMV for the apparent but puzzling purpose of having the order of their names reversed so that Patsy's name, rather than Carl's name, appeared first on the title. Unfortunately, when the DMV prepared the revised certificate, it omitted any notation of First Union's lien. We assume that, since First Union's lien was erroneously omitted from the title certificate, the DMV sent the certificate directly to the Mirskys. The Mirskys sold the van to Orlando Dodge and then they disappeared. Orlando Dodge maintains that it relied in good faith upon the lien-free title certificate as well as "a check with the Division of Motor Vehicles, which confirmed that at the time there were no liens upon the title." Nothing in the record indicates that Orlando Dodge had any knowledge of, or any reason to suspect, the Mirskys' fraud.
On May 7, 1993, after Orlando Dodge sold the van, the DMV notified that buyer's bank and First Union that First Union's lien had been "inadvertently omitted", and that DMV was cancelling the title which had been issued to Orlando Dodge's buyer. The Division of Motor Vehicles then issued a corrected title to show, once again, First Union's lien. This title listed the Mirskys as owner.
Orlando Dodge re-purchased the van from its buyer and took possession of it. Orlando Dodge notified First Union of the van's location, but declined to voluntarily relinquish possession. First Union then initiated this replevin action.
*324 Orlando Dodge concedes that in the usual course of events a lien properly applied for and obtained
remains a lien upon such title and upon the vehicle regardless of any subsequent sale of the vehicle by the owner. Section 319.27(5), Florida Statutes (1989); Dicks v. Colonial Finance Corp., 85 So.2d 874 (Fla. 1956).
It argues, however, that two exceptions to the general rule set forth above apply in this case. The first exception is the principle of estoppel. The second, according to Orlando Dodge, exists when a bona fide purchaser receives assurance from the DMV that no liens exist on the title in question.

ESTOPPEL
In Dicks, the Motor Vehicle Commissioner erroneously issued two inconsistent title certificates for the same automobile. The issue decided was whether the lien listed on the first title certificate could be enforced against one who claimed to be a good faith purchaser for value without notice of this lien. The court noted that one cannot "convey better title than he has," and held that, in the absence of some intervening principle of estoppel, the lien listed on the first certificate was valid against the good faith purchaser for value without notice.
It first should be noted, as observed in Dicks, that estoppel is an affirmative defense which must be affirmatively pled. Fla. R.Civ.P. 1.110(d). Orlando Dodge did not raise estoppel as an affirmative defense in either its answer or its amended answer. But we would reject Orlando Dodge's estoppel argument even absent this deficiency. Orlando Dodge argues that First Union should be estopped from enforcing its lien because, despite receiving no payments from the Mirskys, First Union waited 16 months after the date of the security agreement before seeking replevin. Orlando Dodge argues that it relied to its detriment on First Union's negligence in waiting so long to bring suit.
Orlando Dodge, however, could not have "detrimentally relied" on First Union's failure to act more quickly to replevy the vehicle. When Orlando Dodge purchased the van from the Mirskys, it received no assurances from First Union. Orlando Dodge apparently did not even know about First Union's interest in the vehicle because of the DMV's inadvertence in issuing a title omitting First Union's lien. Additionally, the record contains an affidavit of a First Union vice-president asserting the uncontroverted fact that the Mirskys' note was not in default for non-payment until March 17, 1993, when a payment was due. This was less than three months before Orlando Dodge learned about First Union's security interest. The mere fact that the Mirskys obtained an erroneously issued certificate of title and then fraudulently sold the vehicle does not provide justification for "estopping" First Union from exercising its right to enforce the provisions of its security agreement.

RELIANCE ON ASSURANCES OF DMV
Orlando Dodge's second argument is that the usual rule of first to file should not apply in the instant case. Orlando Dodge argues that a good faith purchaser for value should be protected when, in addition to there being no notation of a lien on a certificate of title, the purchaser has further inquired about the status of the title by contacting the DMV. In making this argument, Orlando Dodge appears to be conceding that a buyer or secured creditor cannot rely solely on the certificate of title provided by an apparent owner. Castner v. Ziemer, 125 So.2d 134, 137 (Fla. 2d DCA 1960) ("One cannot be a bona fide purchaser if he fails to make timely inquiry as to the condition of the title of the motor vehicle as recorded with the Motor Vehicle Commissioner, and one assumes the burden of existing defects and liens on title to the motor vehicle").
In arguing that its inquiry to the DMV should place it in a position superior to First Union, Orlando Dodge relies upon Green Tree Acceptance, Inc. v. Zimerman, 611 So.2d 608 (Fla. 2d DCA 1993). Green Tree involved the interpretation of section 672.403(2), Florida Statutes (1989), part of Florida's version of the Uniform Commercial Code. The court observed that under the code:

*325 good title to a motor vehicle is conveyed free of a prior lien if the lienholder entrusts possession of the motor vehicle to a merchant who deals in vehicles of that kind, and the merchant, in turn, sells the motor vehicle to a purchaser in the ordinary course of business without satisfying the lien.
611 So.2d at 610.
The court noted, however, that this protection only applies where the lienholder "entrusts" possession of the motor vehicle, and that "entrustment" means the lienholder has knowledge of, and has acquiesced in, the placement of the vehicle with the dealer. The court concluded in Green Tree that the lienor did not entrust possession to the dealer because it had not acquiesced in the vehicle's being placed for resale on the lot. The court further noted that "section 672.403(2) may [in any event] have a limited application with respect to motor vehicles." Id. at 610. The court observed that the protection of the purchaser afforded by the statute may be limited by the fact that cases have held that "a party cannot be a bona fide purchaser if he failed to inquire as to the condition of title with the [DMV] and that the party assumes the existing defects and liens on the title." Id. The court then held, "[b]ecause the Zimermans failed to inquire as to the condition of title and they are not otherwise entitled to the protection of section 672.403(2), their interest in the motor home is subject to Green Tree's lien." Id. at 610.
Green Tree, which is mainly about the entrustment statute, does not stand for the proposition that a good faith purchaser for value, who inquires of the DMV as to the status of a title, can defeat the rights of a lienholder whose lien is listed on a title certificate properly issued by the DMV. Rather, Green Tree at best simply points out that a failure to make inquiry with the DMV could disqualify the non-inquiring party as a bona fide purchaser. Furthermore, even one who may be viewed as a good faith purchaser does not always achieve priority over the rights of the secured party. See, e.g., § 679.307(2), Fla. Stat. (1993), Dicks.
Orlando Dodge has failed to demonstrate why the general rule of Dicks v. Colonial Finance Corp., 85 So.2d 874 (Fla. 1956) was not properly applied against it.
The judgment for First Union is affirmed.
AFFIRMED.
COBB and HARRIS, JJ., concur.