**In re AQUAMARINE USA INC., Debtor.**

**No. 6:03–BK–04923–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 6, 2004.

Robert B. Branson, Esquire, Orlando, FL, for Debtor.

Roy S. Kobert, Esquire, Orlando, FL, Attorney for Unsecured Creditors' Committee.

Ronald W. Sikes, Esquire, Orlando, FL, Attorney for Creditor (Moran).

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on the Debtor's Omnibus Objection to Claims (Doc. 325) regarding the claim of Thomas L. Moran (Claim No.72), the Official Unsecured Creditors Committee's Bench Brief regarding Debtor's Omnibus Objection to Claims (Doc. 439), the Memorandum of Law of Thomas L. Moran regarding Debtor's Omnibus Objection to Claims (Doc. 448), and the Official Unsecured Creditors Committee's Reply to the Memorandum of Law of Thomas L. Moran regarding Debtor's Omnibus Objection to Claims (Doc. 456). The following Findings of Fact and Conclusions of Law are made after reviewing the evidence.

## FINDINGS OF FACT

Aquamarine USA, Inc. ("Debtor") operates a consignment business selling boats, engines, and/or trailers to third party purchasers. Thomas L. Moran ("Seller") owned a 1998 Sea Ray vessel, Mercuiser motor, and Magic Tilt Trailer (collectively "Boat") subject to a lien by Sun Trust Bank Central FL, NA ("Lender"). The Certificate of Title for Boat reflects the Seller as the owner and Lender as the lien holder (Exhibit 7).[1]

Seller executed a Consignment Agreement (Exhibit 5) and authorized delivery of Boat to Debtor's boat yard, where it was maintained for sale. Debtor sold the consigned Boat in the ordinary course of business to a good faith buyer, Walt Koetter ("Purchaser").

Debtor filed Chapter 11 on May 1, 2003. Seller was not paid the agreed amount as contained in the Consignment Agreement and refused to provide Purchaser with clear title to Boat. Seller filed a $37,000 secured claim (Claim No.72). Debtor objects to the status of the claim.

## CONCLUSIONS OF LAW

■ The status of Seller's claim as secured or unsecured is determined by state law. The Certificate of Title on record with the Department of Highway Safety and Motor Vehicles reflects the Seller as the registered owner of the Boat.[2] Section 328.03(4), Florida Statutes, provides "a certificate of title is prima facie evidence of the ownership of the vessel." Seller is named on the Certificate of Title as the registered owner of Boat. Seller has an ownership interest in Boat.

Debtor sold Boat in the ordinary course of business to Purchaser. Purchaser claims a right to clear title in Boat since he paid value to Debtor. Purchaser's right to clear title conflicts with Seller's ownership interest. Section 672.403(2), Florida Statutes, provides:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant power to transfer all rights of the entruster to a buyer in ordinary course of business.

---

1. Exhibit numbers refer to Exhibit list submitted by Official Committee of Unsecured Creditors.

2. Certificate of Title (Exhibit 7).

■ Section 672.403(2) has been applied in motor vehicle cases where the owners of motor vehicles have entrusted the vehicles with dealers.[3] These cases hold that if the owner of a motor vehicle entrusts it with a dealer who deals in the sale of motor vehicles, that dealer has the power to pass on valid title to a buyer in the ordinary course of business even though a title certificate is retained by the original owner.

In *Carlsen,* an owner leased his car to a dealership. The dealership fraudulently sold the car to another dealership. This second dealership sold the car to a third dealership, who eventually sold the car to a purchaser. In dicta, the *Carlsen* court aligned the facts with the instant case and said if the first car dealership sold the car directly to the purchaser in the ordinary course of business, the purchaser would prevail as against the interests of the owner/entrustor.[4] The court found the lease arrangement to constitute an entrustment as lawful possession was conveyed.

In *Correria,* a bank entered into a trust agreement with a car dealership and "floor-planned" the purchase of cars for resale. Purchaser bought the car from dealer. When dealer defaulted on his loan, bank refused to provide the title certificate of the car to the purchaser. The *Correria* court held that valid title, though not marketable title, passed to the purchaser and held that bank's security interest was cut off as it entrusted the car at issue to the dealer and the dealer sold the car to the purchaser in the ordinary course of business.[5]

■ Each of these cases adjudicating clear title to purchasers have found the following statutory elements: an entrustment of possession of goods to a merchant; merchant was a dealer in goods of that kind; and merchant sold the goods to a good faith purchaser in the ordinary course of business.

The three elements of Fla. Stat. § 672.403(2) are present in the instant case. First, Seller entrusted the possession of Boat to Debtor by executing a Consignment Agreement and delivering Boat to Debtor.[6] Second, Debtor is a merchant in goods of that kind; Debtor is actively engaged in the business of selling boats on consignment and third, Purchaser was a good faith buyer in the ordinary course of business.

■ Section 672.403(2) promotes the free flow of commerce by transferring superior rights to buyers in the ordinary course. Although both Purchaser and Seller have legitimate claims, one party must suffer due to the actions of Debtor. The result of Fla. Stat. § 672.403(2) is that the loss falls upon the Seller, as he took the risk of delivering the property to a merchant, who deals in goods of that kind.

The purpose of placing consigned goods in a merchant's inventory is for the merchant to sell the goods. A buyer in the ordinary course has a right to expect the merchant to have the authority to sell the goods. The statutory remedy of Fla. Stat. § 672.403(2) transfers superior rights to the Purchaser above the rights of the Seller.

This order determines the rights of the Seller but does not address the rights of

3. *Correria v. Orlando Bank & Trust Co.,* 235 So.2d 20 (Fla. 4th DCA 1970); *Carlsen v. Rivera,* 382 So.2d 825 (Fla.App.1980).

4. *Carlsen v. Rivera,* 382 So.2d 825 at 827.

5. *Correria v. Orlando Bank & Trust Co.,* 235 So.2d 20 at 24.

6. Fla. Stat. § 672.403(3) provides "[e]ntrusting includes any delivery . . . ."

the Lender. Seller has an unsecured claim. Therefore, it is

**ORDERED, ADJUDGED AND DECREED** that Debtor's Omnibus Objection to Claims (Doc. 325) regarding the claim of Thomas L. Moran (Claim no. 72) be **SUSTAINED**; it is further

**ORDERED, ADJUDGED AND DECREED** that the claim of Thomas L. Moran for $37,000.00 (Claim No.72) is **UNSECURED**.